Susan Marks (#032087)
Susan Marks & Advocates, PLLC
3260 N. Hayden Road, Suite 210
Scottsdale, AZ  85251
480-459-2403
480-567-0226 (facsimile)
susan@susanmarks-advocates.com

Patricia E. Ronan (#029009)
Patricia E. Ronan Law, LLC
PO Box 55341
Phoenix, AZ 85078
619-458-2505
patricia@ronanesq.com
Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **B.B.,** minor, by and through his mother Kari Barrios, | Case No.: |
| Plaintiff, | COMPLAINT |
| v. | |
| Casa Grande Elementary School District, an Arizona Public School District, | |
| Defendant | |

Plaintiff respectfully files this Complaint by and through undersigned counsel as follows:

- 1 -

**INTRODUCTION**

Defendant Casa Grande Elementary School District ("CGESD") is a public school district that refused to permit a personal private duty nurse to accompany a disabled, medically compromised child to school. The nurse would be provided to child B.B. at no cost to CGESD and without any disruption to the education of B.B. or his classmates. Nevertheless, CGESD violate Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, *et seq.*, and Section 504 of the Rehabilitation Act of 1973 (the "Rehabilitation Act"), 29 U.S.C. § 701, *et seq.*, prohibiting this reasonable accommodation of B.B.'s disability. This prohibition is illegal discrimination against B.B. on account of his disability. Plaintiff seeks declaratory and injunctive relief to prevent CGESD from continuing its intentional illegal discriminatory actions, damages to remedy for denying B.B. the full and equal enjoyment of the benefits of and participation in Defendant's school, and attorneys' fees and costs to the fullest extent permitted by law.

**JURISDICTION AND VENUE**

1. 28 U.S.C. § 1331 confers jurisdiction to this Court. This action is authorized pursuant to the ADA, U.S.C. § 12101, *et seq.*, and Section 504 of the Rehabilitation Action, 29 U.S.C., § 701, *et seq.*

2. Venue is proper in the District Court of Arizona pursuant to 28 U.S.C. 1391(b), as all conduct giving rise to Plaintiff's claims arise in the District, and the Defendant is located in the District.

## PARTIES

### Plaintiff

3. Plaintiff B.B. is, a minor, born in 2014.  Plaintiff B.B. and his mother Kari Barrios reside in Casa Grande, Arizona.

4. B.B. is a six-year-old child with a cardiac condition, is unable to regulate his body temperature, relies on a feeding tube for nutrition, and has a diagnosis of epilepsy. The culmination of these medical conditions are a disability defined by 28 C.F.R. § 36.105, such that at all times B.B. was a qualified individual with a disability within the meaning of the ADA and the Rehabilitation Act.

### Defendant

5. Defendant Casa Grande Elementary School District ("CGESD") is a public school district in Pinal County, Arizona, comprised of nine elementary schools, three middle schools, and one early childhood learning center, which serve approximately 6,500 students.

6. At all relevant times, CGESD was the public education entity responsible with providing B.B. with full and equal access to the public education programs and activities it offers in compliance with federal law.  CGESD receives federal funding.

## FACTS

7. B.B. is a first grader who resides with his family in Casa Grande, Arizona.  He was born with a number of serious medical conditions, and his health remains unstable. B.B. is enrolled in a special education program because he is delayed in his speech and communication, and life skills (such as using the toilet and dressing himself).

8. B.B.'s medical needs are diverse, and his communication disability makes him unable to verbalize them to a caregiver.  A registered nurse to accompany B.B. on his transport to and from school and throughout the school day has consistently and repeatedly been recommended by B.B.'s treating healthcare providers.  His treating physician noted in a letter dated September 24, 2020, that the complexity of B.B.'s needs were beyond that which can be provided by an unlicensed person because they are unstable and require continuous assessment, interpretation, and independent decision making, as well as specific interventions that can often change and pose life-threatening risks to B.B.

9. The medical necessity for a registered nurse to accompany B.B. is based on the variety of his medical condition.  B.B. has a cardiac condition known as postural orthostatic tachycardia syndrome, which requires continuous assessment, including monitoring his blood pressure and heart rate.  In the event B.B.'s heart rate becomes too fast, the nurse must take prompt, possibly repeated, interventional measures.  B.B. has an ailment that means his body temperature is not self-regulated and so he must wear a special vest if the ambient temperature rises above 70 degrees.  His body temperature must be closely monitored to ensure that he does not become overheated.  B.B. also has an immunodeficiency, so he must be closely monitored for signs of infection. B.B. consumes his medications, hydration, and calories almost exclusively through a gastric tube.  This requires three separate feedings during the school day.  B.B. requires close monitoring if he consumes food or drink with mouth because he is at high risk of choking or aspirating his food.  He is also at high risk for hypoglycemia,

or low blood sugar. The gastric tube requires flushing after each use to prevent infections, but the tube must be handled with care, and monitored for leaks or displacement. The tube can only be replaced by a hospital. Because of the feeding tube, B.B. is at high risk for constipation, and he must be monitored for these symptoms as well. A nurse must make a determination whether treatment with laxative through feeding tube is indicated. In addition, because B.B. suffers from epilepsy, a nurse is crucial for monitoring B.B. for symptoms of seizures, which involves timing the duration and frequency of any seizures, monitoring oxygen saturation, and, if appropriate, administering oxygen. B.B. also suffers from asthma and requires assessment of wheezing, lung sounds, and labored breathing prior to administering an Albuterol inhaler, as well as monitoring of his oxygen saturation.

10. Kari Barrios provided CGESD with the documentation about B.B.'s medical conditions and the request that a registered nurse be assigned to B.B. for the school day on or about May 15, 2019 via an Individualized Education Plan. This request was denied.

11. CGESD repeatedly denied the request to provide B.B. with a one-on-one nurse. Instead, the CGESD offered a health aide or paraprofessional during B.B.'s transport to and from school; checks on B.B.'s vital signs every 2 hours for up to 60 minutes a day from the school's registered nurse; and the school's lead nurse would train staff working with B.B. to monitor him for signs of seizures, checking his glucose, checking his temperature, and feeding him through the stomach tube. Health services would provide such services for 170 minutes per day through non-nurse staff, and

supplemental aid would come through his one-on-one academic and functional paraprofessional aide for 140 minutes a day.

12. Because CGESD refused to provide a 1:1 nurse for B.B. while he was at school, on or about November 3, 2020, Kari Barrios, through counsel, made a request that CGESD allow B.B.'s private duty nurse to attend school with him, as a reasonable accommodation.

13. CGESD has not identified any burden – unreasonable or otherwise – in having a one-on-one nurse be allowed to attend school with B.B., particularly where the nurse presents no expense to the school district.

14. Indeed, CGESD never determined through an appropriate, fact-specific investigation that a one-on-one registered nurse is not a reasonable accommodation of B.B.'s medical conditions and disabilities.

## FIRST CAUSE OF ACTION

**Violation of Americans With Disabilities Act, Title II, U.S.C. §122-2,** *et seq.*

15. Plaintiff incorporates each foregoing allegation as if fully set forth here.

16. B.B. is an individual with a disability as defined in 28 C.F.R. § 36.105.

17. CGESD is a local government entity and receives federal funding.

18. B.B. requires a one-on-one registered nurse to accompany him during transport to and from and throughout his school day because of his many unstable and serious medical conditions. One-on-one licensed nursing care is medically necessary. If denied this care, B.B. faces real and lasting harm and is unable to enjoy meaningful access to the benefits of a public education.

19. CGESD has refused to permit B.B. to have his private duty nurse provide nursing care at school even though this accommodation is necessary to avoid discrimination against B.B. on the basis of his disability, and even though the accommodation or modification would not fundamentally alter any program or service system of CGESD.

20. CGESD violated the ADA and discriminated against B.B. by refusing to make reasonable accommodations necessary for B.B. to access the school district's programs and services.

21. CGESD violated the ADA and discriminated against B.B. by excluding and/or not affording him an opportunity to participate in or to benefit from its programs and services in equal measure to the participation or benefit afforded to others.

22. CGESD violated the ADA and discriminated against B.B. by limiting him to aids, benefits, or services that are ineffective in affording equal opportunity to participate in the school district's benefits and services as afforded to others.

23. CGESD was at all relevant times been on notice and was fully aware of B.B.'s need for one-on-one nursing services at school and during transport, but refused to permit provision of those services by B.B.'s private duty nurse.

24. B.B's one-on-one registered nurse(s) were at all relevant times available to provide the one-on-one assistance and care as a reasonable accommodation of B.B.'s disability. Defendant CGESD knew that the one-on-one registered nursing care could be provided at no cost to the school district and would not be disruptive or fundamentally alter the school setting.

25. As a result of CGESD's failure to accommodation B.B.'s need for one-on-one registered nursing care, B.B. is harmed and continues to be harmed.

26. CGESD has intentionally discriminated against B.B. by acting with deliberate indifference to B.B.'s need for one-on-one registered nursing care.  At all relevant times, Defendant knew that denying B.B. this accommodation meant that, by reason of his disability, B.B. is denied the benefit of the programs and services that CGESD offers to others.  B.B.'s parents repeatedly requested that B.B. be permitted to receive one-on-one registered nursing care at school, and CGESD has been fully aware of both B.B.'s need for accommodation and the damages that resulted from their refusal to provide this accommodation.  CGESD has been deliberately indifferent to B.B.'s unmet needs and the harm proximately caused by their refusal to accommodate his needs.

27. B.B. suffers ongoing and irreparable harm as a result of CGESD's continued discrimination and violations of the ADA and this harm will continue until CGESD's conduct is declared unlawful and enjoined by this Court.  There is no adequate remedy at law.

## SECOND CAUSE OF ACTION

### Violation of the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*

28. Plaintiff incorporates each foreging allegation as if fully set forth here.

29. B.B. is a qualified individual with a disability under Section 504 of the Rehabilitation Act in that his various medical conditions cause substantial impairments in one or more major life activities.

30. CGESD is a local governmental entity that receives federal funding.

31. CGESD has violated the Rehabilitation Act by failing and refusing to make reasonable accommodations for B.B. to access the school district's programs and services, by utilizing criteria and methods of administration that subject B.B. to discrimination on the basis of his disability, by not affording B.B. an equal opportunity to participate in CGESD's services as those afforded to others, by not making reasonable accommodations, and by denying meaningful access to a public benefit.

32. CGESD has been and continues to be deliberately indifferent to B.B.'s need for a one-on-one registered, licensed nurse at school. Denying him this accommodation means that B.B. has been denied the benefit of programs and services offered to others by reason of his disabilities.  This denial of access to critical programs and services offered to others has resulted in developmental damage to B.B.

33. Consequently, B.B. is suffering ongoing and irreparable harm by the CGESD's violations of the Rehabilitation Act, and the harm will continue unless and until the Defendant's conduct is declared unlawful and is enjoined by this Court.  There is no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court:

A. Issue an order for declaratory relief, declaring that Defendant CGESD's conduct in denying B.B.'s one-on-one nurse was unlawful and in violation of Title II of the ADA and the Rehabilitation Act;

B.   Issue a permanent injunction ordering that CGESD cease from discriminating against B.B. by refusing the requested accommodation of a one-on-one registered nurse to monitor and support B.B. to access the learning opportunities provided at CGESD;

C.   An award of damages to be proven at trial;

D.   An award of reasonable attorneys' fees, costs, and expenses under any applicable law;

E.   An award of pre-judgment and post-judgment interest at the highest lawful rates; and

F.   Such other relief as the Court deems just and proper.

Respectfully submitted.

Susan Marks
Co-Counsel for Plaintiff

Patricia E. Ronan
Co-Counsel for Plaintiff

DATED: _December 14, 2020_____

*s/Susan Marks*
Susan Marks